BLD-023                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2927
_____

MICHAEL R. SHEMONSKY, Debtor,
                                              Appellant

v.

JOHN J. THOMAS, U.S. Bankruptcy Judge
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 10-cv-02882)
District Judge:  Honorable Ronald L. Buckwalter
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 28, 2010

Before: SLOVITER, JORDAN and GREENAWAY JR., Circuit Judges

(Opinion filed: November 5, 2010)
_____

OPINION
_____

PER CURIAM

        Michael Shemonsky appeals pro se from the United States District Court for the

Eastern District of Pennsylvania's June 21, 2010 order.  We will summarily affirm.

        In June 2010, Shemonsky filed a complaint against a United States Bankruptcy

Court Judge as well as an application to proceed in forma pauperis. In his complaint, Shemonsky sought over $5 billion dollars in damages for the 1990 "illegal theft of [his] savings and loan by the office of thrift supervision." The complaint, which states that the bases for federal jurisdiction are "Article IV of the U.S. Constitution [and the] Fifth Amendment," makes no reference Judge Thomas, the defendant. On June 21, 2010, the district court entered an order that granted Shemonsky's application to proceed in forma pauperis but dismissed his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). The district court explained that, under the doctrine of judicial immunity, Judge Thomas is absolutely immune from civil rights lawsuits that seek money damages for actions performed in a judicial capacity. *See Mireless v. Waco*, 502 U.S. 9, 11 (1991). Additionally, the district court stated that Shemonsky's action, which was filed twenty years after the alleged events in question occurred, was time-barred because federal civil rights actions are subject to Pennsylvania's two-year statute of limitation for personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); 42 Pa. Cons. Stat. Ann. § 5524. This appeal followed.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291 and our review of the district court's sua sponte dismissal of Shemonsky's complaint is plenary. *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). We may take summary action when we

---

[1] After Shemonsky filed his notice of appeal from the June 21, 2010 order, he moved for reconsideration of that order. He attached documents from some of his previous cases (of which there are many), claiming that they supported his allegations regarding a "conspiracy to [sic] entrapment for financial gain." The district court denied the motion, stating that Shemonsky did not address the bases for the dismissal of his complaint. Shemonsky did not appeal from the denial of the motion for reconsideration.

conclude that an appeal presents no "substantial question." 3d Cir. LAR 27.4; I.O.P. 10.6.

After granting a litigant leave to proceed in forma pauperis, a district court is required to dismiss the complaint if it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons given by the district court, we agree that Shemonsky's complaint failed to state a claim.

We have also held that a district court should not dismiss a pro se complaint without allowing the plaintiff leave to amend unless amendment would be inequitable or futile. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Although the district court did not explicitly state that amendment of the complaint would be futile, it is clear that this was the district court's intent. Further, Shemonsky has had, and has taken, the opportunity to respond to the district court's order, but has revealed no flaw in the dismissal of his complaint. We will therefore summarily affirm the judgment of the district court. *See* 3d Cir. LAR 27.4; I.O.P. 10.6.